Daniel, J.
 

 There is no proof in the case of any mistake having been committed, in inserting in the agreement $300, as the consideration for the land. There is proof that the defendant, on the *llth day of November, 1839, demanded a surrender of the possession of the land, on the ground that all the purchase money had not been paid within the time stipulated. To which demand, the plaintiff refused to yield, and said he did not want to give it up, he had done too much work ,on it, that he would keep the place and pay for it. He th§n said, that he would' let what he had paid go as rent, ac_ cording to the written articles. All the advancements in mo
 
 *598
 
 ney, stock, and corn, which the plaintiff had made for three years, die defendant insisted to retain as rent, and also to force the plaintiff to pay beside in lull the notes and interest, which had been originally given for the purchase of the land. This unreasonable demand was made on the very next day alter the time for full payment had expired. It is plain from the terms of the original written contract, that the plaintiff intended to hold on upon the land, as a home, if he could by any means pay for it, and if he found out that it would be impossible for him to raise the purchase money, that he should then have the liberty of being considered as a tenant for three years, at fhe rent of 125 bushels of corn per annum. Tho plaintiff, op •the 11th day of November, 1839, refused to abandon his contract of purchase. The parol agreement, extorted that day from him, was unreasonable and without any consideration in this court; for the time mentioned in the contract for completing the payment of the purchase money is generally not, in this ciurt, of the cssense of the contract. Indeed, the defendant was, himself, not in a condition to rescind the contract of purchase or declare it at an end, as he did, upon the ground of its not having been literally performed by the plaintiff in making payment to the very day. For, before that time, the defendant had assigned one of the bonds for $ 100 to anothet person, who took it without recourse to the defendant, and on the sole credit of the plaintiff, who duly paid tf. After having thus virtually received one-third of the purchase money, over and above the sums which he now claims to keep as rent, (which of themselves amount to nearly one-half of the purchase money) the defendant cannot be permitted, in this court, to insist on the forfeiture of either of his payments or the land by the plaintiff, when the latter has since paid, or is willing to' pay, the whole purchase money agreed op, and the interest accrued thereon.
 

 It therefore seems to us, that the plaintiff is entitled to a decree for a specific execution of the contract, if he has paid the purchase money as stated by him in his bill, or if he shall
 
 now
 
 pay what may be found duo by a report of the ¡Master.
 

 
 *599
 
 Weare of opinion that a reference must be made to asceí- June, 1845 thin whether the consideration money has been paid, and if hot, what sum remains unpaid.
 

 Per Curiam, Decree accordingly;